# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARRY JAMES NICHOLSON,<br>                    Appellant, | DOCKET NUMBER<br>DC-0752-15-1019-I-1 |
|                      v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>                    Agency. | DATE: December 21, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barry James Nicholson, Hampton, Virginia, pro se.

Timothy M. O'Boyle, Esquire, Hampton, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's demotion action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision. Because we agree with the administrative judge's finding that the appellant failed to establish a prima facie case of whistleblower reprisal, we MODIFY the initial decision to VACATE the administrative judge's alternative finding that the agency proved by clear and convincing evidence that it would have demoted the appellant in the absence of his alleged protected disclosures.

## BACKGROUND

¶2    The appellant was employed as a GS-9 Supervisory Claims Assistant. Initial Appeal File (IAF), Tab 1 at 1, 8. On March 25, 2015, the agency proposed to remove him based on two specifications of a charge of conduct unbecoming and one specification of a charge of lack of candor. IAF, Tab 3 at 54-56. Specifically, the agency accused the appellant of smacking the complainant on the buttocks, and, on a separate occasion, rubbing his hand up her arm. *Id.* at 54. The proposal notice indicated that both incidents occurred during overtime work in the director's conference room in or about June 2014. *Id.* The agency also charged the appellant with lacking candor when, during testimony before the Agency Investigation Board (AIB), he denied the specification regarding smacking the complainant on the buttocks. *Id.* at 54-55. After providing him with the opportunity to respond to the notice of proposed removal, the deciding

official issued a decision letter sustaining the charges but mitigating the penalty to a demotion to the GS-6 Advanced Medical Support Assistant position. *Id.* at 9–11.

¶3    Thereafter, the appellant appealed his demotion and argued, among other things, that he had minimal opportunity to have physical contact with the complainant because, during the spring of 2014, he worked in the logistics room during regular hours and only worked in the director's conference room on weekends, and he denied that he engaged in the improper physical contact with the complainant as alleged. IAF, Tab 1 at 6, Tab 10 at 18-19. He also raised claims of harmful procedural error, violation of his due process rights, and reprisal for whistleblowing and equal employment opportunity (EEO) activity. IAF, Tab 11 at 2-4. After holding a hearing at which the appellant chose not to testify, the administrative judge issued an initial decision sustaining the appellant's demotion. IAF, Tab 20, Initial Decision (ID). In finding that the agency proved the charges by preponderant evidence, the administrative judge relied on the testimony of the complainant as well as two other witnesses who testified regarding the incidents of inappropriate physical contact: a Licensed Practical Nurse; and a Claims Clerk. ID at 8-10. The administrative judge also considered the appellant's claim, as stated in his prehearing statement, that he did not inappropriately touch the complainant, but the administrative judge did not credit his claim because he did not testify at the hearing and she was unable to assess his demeanor and credibility. ID at 10; IAF, Tab 10 at 19. The administrative judge found that the appellant failed to establish any of his affirmative defenses. ID at 12-18. The administrative judge further found that the agency established the nexus requirement and that the penalty of demotion was within the bounds of reasonableness.[2] ID at 18-20.

---

[2] The appellant does not appear to challenge these findings in his petition for review. In any event, we discern no basis for disturbing the administrative judge's well–reasoned determinations.

¶4 The appellant has filed a petition for review, in which he argues that the administrative judge erred in her credibility determinations and in denying several of his requested witnesses. Petition for Review (PFR) File, Tab 1 at 4-6. He also avers that he was not aware of the "gravity" of his decision not to testify. *Id.* at 5. The agency has responded in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 On review, the appellant asserts that the administrative judge erred in sustaining the charges. PFR File, Tab 1 at 4-6. Specifically, he argues that the administrative judge erred in her credibility findings regarding the complainant and the agency's other two witnesses who testified about the alleged inappropriate conduct at issue. *Id.*

¶6 The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We have considered the appellant's arguments on review regarding the administrative judge's credibility findings and weighing of evidence for the charged misconduct, and we discern no reason to substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶7 Here, the administrative judge thoroughly reviewed the evidence and hearing testimony and specifically cited to *Hillen v. Department of the Army*,

35 M.S.P.R. 453, 458 (1987),[3] in setting forth her credibility determinations. ID at 7-9. Specifically, the administrative judge found that the testimonies of the complainant, the Licensed Practical Nurse, and the Claims Clerk were more credible than the appellant's unsworn denials. ID at 8, 10. In finding that the appellant had ample opportunity to engage in the physical contact with the complainant, the administrative judge also credited the testimony of the appellant's witness, the Lead Claims Assistant, who stated that, while the appellant worked regular hours in the logistics office during the spring of 2014, he continued to work in the director's conference room during overtime, and he went to the director's conference room to sign in and out of his shift.[4] ID at 7. The administrative judge expressly found that these witnesses "testified in a very clear, direct, and straightforward manner," ID at 8-9, and these demeanor-based credibility findings deserve deference from the Board, *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe*, 288 F.3d at 1301.

---

[3] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible, considering the following factors: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458.

[4] The administrative judge also noted that a shift change appeared to occur during the buttocks-slapping incident. ID at 10. On appeal, the appellant argues that the record does not support a finding that there was a shift change. PFR File, Tab 1 at 6. Even assuming the administrative judge made an incorrect finding about the shift change, however, her error would not provide a basis for reversing the initial decision because the administrative judge credited the complainant's unrebutted testimony that the appellant slapped her buttocks. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶8      On review, the appellant argues that the complainant was not a credible witness because her Board testimony differed from her AIB testimony. PFR File, Tab 1 at 4-5. He also argues that the Claims Clerk's testimony was not credible because he did not report the incidents prior to the AIB interviews and because of his relationship with the complainant. *Id.* The administrative judge considered the same arguments below and addressed them in the initial decision. ID at 8-9. Merely repeating arguments on review does not provide a basis to disturb the administrative judge's well-reasoned findings that the agency proved the charges by preponderant evidence. *See Haebe*, 288 F.3d at 1301. The appellant also asserts that the administrative judge erred in finding the Licensed Practical Nurse to be credible because her Board testimony that the complainant walked away after being smacked by the appellant differed from her AIB testimony that the complainant sat down after the incident. PFR File, Tab 1 at 5. We have considered this minor inconsistency between the Licensed Practical Nurse's Board testimony and her AIB testimony, but we find it insufficient to render her testimony incredible on the core issues contained in the agency's charge and specification. *See Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 5 (2011) (holding that minor inconsistencies do not necessarily render a witness's testimony incredible).

¶9      On review, the appellant also argues that he was not aware of the "gravity" of his decision not to testify, and he contends that his decision was influenced by the administrative judge's statement that the hearing would be 15 minutes shorter if he did not testify and the agency's decision not to call him as a witness. PFR File, Tab 1 at 5. To the extent that the appellant is arguing that his decision not to testify was involuntary, we find no support for such a claim as the administrative judge approved the appellant as a joint witness and, during the hearing, specifically asked the appellant if he would be testifying. IAF, Tab 11 at 5. Furthermore, to the extent the appellant is arguing that the administrative judge erred by not informing him that his decision not to testify could influence

her credibility findings, the Board previously has held that such a warning is not required. *Campbell v. Department of Transportation*, 15 M.S.P.R. 92, 109 (1983) (finding no error in an administrative judge's determination that the appellant's silence detracted from the credibility of his arguments despite the administrative judge's failure to notify the appellant of the possible implications of a decision not to testify), *aff'd*, 735 F.2d 497 (Fed. Cir. 1984). Accordingly, although the appellant may regret his decision not to testify, he has not established any error on the part of the administrative judge.

¶10 On review, the appellant further asserts that the administrative judge improperly denied "several" of his requested witnesses whom he claims would have testified that he "worked in a different room (logistics office[)]" during overtime" during the relevant time period. PFR File, Tab 1 at 6. There is no evidence in the record indicating that the appellant objected to the administrative judge's denial of these witnesses, and thus he is precluded from doing so on review. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).

¶11 Moreover, even if the appellant had preserved an objection below, we would not disturb the initial decision because the appellant has not shown that the administrative judge abused her discretion when ruling on witnesses. *See Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985) (holding that the administrative judge has wide discretion under the Board's regulations to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious); 5 C.F.R. § 1201.41(b)(8), (10). We have reviewed the appellant's petition for review and proffer of witnesses below, and we are unable to identify the witnesses at issue, or how their testimony would have affected the outcome of his appeal. The appellant requested 58 witnesses, but none of the witness proffers indicated that the testimony would address whether

the appellant worked in the logistics office during overtime.[5]  IAF, Tab 10 at 6-8. Moreover, the record evidence, including the testimony of the Lead Claims Assistant—the appellant's own witness—supports the administrative judge's finding that the appellant had ample opportunity to touch the complainant in the director's conference room.  ID at 9; *see Thomas*, 116 M.S.P.R. 453, ¶ 4 (holding that, to obtain reversal of an initial decision based on abuse of discretion in excluding evidence, the appellant must show on review that the disallowed witness or evidence would have affected the outcome of the appeal).

¶12      On review, the appellant does not contest the administrative judge's findings on his affirmative defenses.  We affirm the administrative judge's well‑reasoned findings that the appellant failed to establish his affirmative defenses of harmful procedural error, violation of his due process rights, and reprisal for his EEO activity.  ID at 12-13, 15-18.  We also affirm the administrative judge's finding that the appellant failed to establish a prima facie case of whistleblower reprisal.  ID at 13-15.  However, because we agree with the administrative judge's finding that the appellant failed to demonstrate that his alleged protected disclosure was a contributing factor in the agency's decision to demote him, we modify the initial decision to vacate the administrative judge's alternate finding that the agency proved by clear and convincing evidence that it would have demoted the appellant in the absence of his alleged protected disclosure.  ID at 15; *see Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (stating that the Board may not proceed to the clear and convincing evidence test unless it has first determined that the appellant established his prima face case), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015).

---

[5]  The administrative judge approved eight of the appellant's requested witnesses, including six whom the appellant alleged were "witness to activities taking place in the . . . overtime work area and worked in the director's conference room at the time of [the] accusations."  IAF, Tab 10 at 4-7, Tab 11 at 4-7, Tabs 13, 15.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 794a.

Other Claims: Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained

within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                   _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.